Delivered January 27, 1891.

---

Gulf, Colorado & Santa Fe Railway Company v. R. J. Wilson.

No. 6816.

1. **Case Adhered to—Negligence.**—Railway Company v. Smith, 74 Texas, 276, adhered to. A petition sufficiently shows a cause of action when alleging in substance that the car in which the plaintiff was, was derailed through the negligence of the railway company and its servants and thus the plaintiff injured.

2. **Loss of Time and Wages as Damages.**—In the charge of the court the jury were instructed if they found damages for the plaintiff to take into consideration "loss of time and wages," etc. *Held*, that the instruction was not reversible error; for it

seems that no jury of ordinary intelligence would understand the charge as directing damages for both loss of time and wages for the time lost.

3. **Carrier and Passenger—Mail Agent.**—The relation of carrier and passenger exists in every case in which the carrier receives and agrees to transport another not in its employment, whether this be by contract between them or between the carrier and some other person in whose employment the person to be carried is for the purpose of transacting on the train the business of his employer, as in case of mail agents, express agents, etc.

4. **Same.**—Regardless of compensation to the carrier, a party lawfully on a railway car and entitled to transportation is a passenger, and entitled to recover for an injury resulting from the negligence of the carrier or its servants if the injury occurs without fault on his part.

5. **Mail Agent.**—A mail agent whose duty placed him in the mail car was injured by the derailment of the car. The mail car is less safe than the passenger cars. It is no defense that he took passage upon the more dangerous car. That fact did not relieve the railway company from liability for injuries caused by negligence of the railway company or of its employes.

6. **Outlook Upon Running Train—Care.**—A railway wreck was caused by the train running upon a calf upon the track. There was conflicting testimony to the distance the calf could have been seen. In view of the fact that a railway company has the right to fence its right of way, the fact of the derailment and its cause are facts upon which the jury might find want of proper care in the management of the train.

7. **Verdict Not Excessive.**—Plaintiff was injured in a railway wreck, complained of external bruises and alleged internal injury from inhaling steam. He laid off from work ten days, and then thirty days. Verdict for $500 not excessive, although physicians testified that the injuries, if any, were slight.

APPEAL from Denton. Tried below before Hon. F. E. Piner.
The opinion gives a statement.

J. W. *Terry, Alexander & Clark*, and J. T. *Bottorff*, for appellant.—1. The petition must state the facts constituting the plaintiff's cause of action and not conclusions of law. Every substantive fact necessary to the maintenance of the suit must be alleged with such certainty as to apprise the defendant of what is intended to be proved on the trial. The petition alleges that the train was derailed and plaintiff injured by "the carelessness, gross negligence, and default of defendant's agents and servants." Rev. Stats., art. 1187; Railway v. Halloren, 53 Texas, 51.

2. (1) If the plaintiff is entitled to recover at all he must recover in the capacity in which he sues. If he seeks to recover in the capacity of a passenger, he must recover in that capacity.

(2) A passenger on a railway train who, instead of occupying a coach provided for passengers, voluntarily remains in a dangerous place on the train, as in the express and mail car, knowing the fact that he is in more danger there than in a passenger coach, and thus remaining receives injury in a wreck of the train which he would have avoided had he traveled in a passenger coach, is guilty of contributory negligence and can not recover on account of injuries received under such circumstances.

(3) Where a railway company transports a mail agent upon its train in

pursuance of a contract made between the company and the United States, and the statutes of the State in which the railway is situated prescribe and regulate the making up of said train, and places the mail car in a more dangerous place than the passenger coaches, and the mail agent voluntarily takes this exposed and dangerous position and rides in the mail car, not induced to do so by the conductor or other employes of the railway company, and is injured in the wreck of the train, which injury he would have avoided if he had been in one of the passenger coaches, in this event he assumed the increased risk of riding in the mail car and thereby contributed to his injuries, and can not recover unless his injuries were caused by gross negligence on the part of the railway company.

Where the verdict is clearly against the weight of the evidence it is the duty of the trial court to grant a new trial.   Railway v. Garrett, 52 Texas, 138; Railway v. McKinney, 55 Texas, 176; Box v. Word, 65 Texas, 159.

*J. A. Carroll* and *Smith & Bell*, for appellee.—1. The court did not err in overruling the defendant's special exception to plaintiff's petition, for the petition does specify the acts constituting the injuries, and alleges that these acts were negligently and carelessly done, and hence it was not necessary to set out therein the facts constituting the negligence.  2 Thomp. on Neg., pp. 1246, 1247; Railway v. Mathias, 50 Ind., 66; Railway v. Keely, 23 Ind., 133; Railway v. Selby, 47 Ind., 471; Gren v. Railway, 42 Ia., 376.

2.   A postal clerk while riding in a mail car and in his proper place thereon on a railway train would be lawfully on such train, and would not thereby be guilty of either contributory negligence or placed upon the same footing as the employes of the company in respect to his right of action against the company for injuries occasioned by negligence; but the company would owe him the same degree of care as they would to other passengers upon the train and in the passenger coaches of such train. Therefore the special instruction was not the law nor applicable to the evidence in the case, and was properly refused, but the charge of the court complained of was the law of the case and properly submitted to the jury. Railway v. Hampton, 64 Texas, 427; Rev. Stats. U. S., secs. 3997–4005; Seybolt v. Railway, 47 Am. Rep., 75; Nolton v. Railway, 15 N. Y., 444; Blair v. Railway, Am. Rep., 55.

STAYTON, CHIEF JUSTICE.—Appellee was mail agent of the United States, whose duty it was to attend to the mail transported in a coach set apart and fitted up for that purpose.   This car was in the train in advance of the passenger coaches and was derailed, plaintiff alleged through the negligence of appellant and its servants, whereby he was injured, and for this he brought this action, which resulted in a judgment in his favor for $500.

An exception to the petition on the ground that it did not state the particular acts of negligence which caused the derailment of the car and injury to appellant was overruled, and this is assigned as error.

This question was considered in Railway v. Smith, 74 Texas, 276. In that case, as in this, the averments of the petition were in substance that the car in which the plaintiff was, was derailed through the negligence of the railway company and its servants, and thus the plaintiff injured.

This was held sufficient, and the reasons for this ruling,. as well as the citation of cases supporting it, will be found in that case.

There are some expressions in the opinion in Railway v. Hennessey, 75 Texas, 155, which may seem to lead to a contrary conclusion, but an examination of the case will show that the question in it was whether the plaintiff should have been permitted to prove an act of negligence not alleged, when he had alleged that the accident resulted from other specific acts of negligence.

The fifth assignment of error is not sustained by the record, in that it does not show that the court admitted evidence referred to in the assignment.

With others the court gave the following charge: "I further instruct you that in estimating the damages you find for plaintiff, if you find any for him, you are to take into consideration the testimony as to physical pain and injuries inflicted, and whether such injuries are permanent or not, the expenses in doctor's bills or for medical attention, and his loss of time and wages; but you are not authorized to find damages for mental suffering or anguish, as that is not set forth and claimed in the petition."

It is urged that this was error, in that the jury probably understood from it that the plaintiff was entitled to recover for loss of time as well as the wages he could have earned during the time he was rendered by his injuries unable to labor; but it seems to us that no jury of ordinary intelligence would so have understood the charge.

The court gave the following charges: "1. Railway companies in transporting passengers upon their trains operated and managed by their employes must, while thus transporting such passengers, exercise a high degree of care in order to avoid accident or injury to such passengers, and the failure to exercise such care as a person of ordinary prudence under like. circumstances would use is negligence.

"2. If you find and believe from the evidence that on the 20th day of August, or at any time within one year next before the 25th day of October, 1887, a train of cars operated by the defendant company, its agents, servants, or employes, was wrecked in Bosque County, Texas, near Valley Mills, and that at the time of such wreck the plaintiff, R. J. Wilson, was traveling upon said train of cars as postal or mail clerk in the employment of the United States government and in charge of the mail matter on such train, then he would be entitled to recover of defendant

company for such injuries as he may have received, provided they are such as are set forth in his petition, as resulted from the negligence (if there was negligence) of said company's servants, agents, or employes, not to exceed the amount of either kind of injury alleged in the different allegations in the plaintiff's petition.

"3. If the plaintiff, R. J. Wilson, was riding in the mail car composing a part of said train, and in his proper place in said car, then the fact, if such be a fact, that it was a more dangerous place in which to travel than other cars composing said train would in no way affect the right of plaintiff to recover in this cause."

The court refused the following, which were requested by the defendant's counsel: "You are instructed that plaintiff sues the defendant in the capacity of a passenger, and that if you find from the evidence that plaintiff was a clerk or mail agent of the United States on defendant's train, such variance is fatal and you will find for the defendant.

"You are specially instructed, at the request of defendant, as follows: That if you believe from the evidence that plaintiff, R. J. Wilson, was a passenger on defendant's train, and that instead of riding in one of the coaches provided for passengers he voluntarily took an exposed position and rode in the express and mail car of the train, not induced to do so by the conductor and other employes of the defendant, and thus remaining was injured in the wreck of the train, which injury he would have avoided if he had been in one of the passenger coaches, that in this event he assumed the increased risk of riding in the express and mail car and thereby contributed to his own injuries and can not recover, and you will find a verdict for the defendant."

Plaintiff alleged that he was a passenger, and it was proved without objection that he was United States mail agent, and in the car where it was his duty to be, in charge of the mail, when the accident occurred.

The car was fitted up for that purpose, and while it was derailed passenger cars in the rear of it were not.

We are of opinion that essentially the relation of carrier and passenger exists in every case in which the carrier receives and agrees to transport another not in its employment, whether this be by contract between them or between the carrier and some other person in whose employment the person to be carried is, for the purpose of transacting on the train the business of his employer, as in case of mail agents, express agents or messengers, and others having duties to their employers to perform which can be performed only by such persons traveling on railway trains or other public conveyances.

Whether the public carrier of passengers receives an agreed compensation for the transportation of such persons, is compensated therefor by the charge for the car or for transportation of the property of which the

person to be carried has charge, or receives no compensation whatever for the carriage of such a person, is a matter of no importance.

It is enough that he is lawfully on the car and entitled to transportation to give to him the character of passenger and to entitle him to recover for an injury resulting from the negligence of the carrier or its servants, if this occurs without fault on his part:

If there be necessarily more danger in traveling in the coach prepared and used for the transportation of mail, even where due care is used, than in traveling in the coaches prepared and used for transportation of ordinary passengers, then it may be held that a mail agent assumes the risk of danger necessarily thus arising from the position of the mail car in the train, but he does not assume any risk of danger that may result from the negligence of the carrier or its servants.

The charge which sought to relieve appellant from liability because appellee was in the mail car instead of a car prepared and used for ordinary passengers was properly refused in this case, because appellee was in the mail car, the very place where appellant intended he should be and where his duty called him.

The contract by virtue of which he became entitled to transportation was made with reference to his transportation in that car, and if appellant or its servants failed to use that degree of care prescribed by the charge of the court for his safety then appellant was liable.

This is not a case in which a passenger was injured because he placed himself uninvited in a car in which the carrier did not intend he should travel, when with safety he would have been carried in the car intended for him.

It is urged that the court should have granted a new trial on the ground that no negligence on part of appellant or its servants was shown.

The derailment was caused by the locomotive coming in contact with a calf on the track, and the evidence was somewhat conflicting as to whether the animal might have been seen by the servants of appellant in time to have stopped the train before the collision occurred.

The animal it is conceded, however, could have been seen when two hundred yards in advance of the train, and it was for the jury to determine whether a proper lookout was kept, as well as to determine whether proper effort was made to stop the train as soon as it was discovered on the track.

In view of the fact that a railway company has the right to fence its right of way, if this is not done the fact that a derailment is caused by contact with an animal is a fact which may be looked to in ascertaining whether or not the carrier exercised due care.

It is claimed that the judgment is excessive in "that plaintiff utterly failed to prove that he sustained any injury except by his own statements and those of his father." If the jury believed their statements the judg-

ment can not be considered excessive, and if the evidence of the physician who examined and treated him about one month after the accident occurred had conflicted with theirs it was for the jury to determine the fact. We do not find, however, from an examination of the testimony of the physician and the others that there is necessarily any conflict in the evidence.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered January 21, 1891.