The Galveston, Harrisburg & San Antonio Railway Company
and the Texas & Pacific Railway Company
v. Joseph Croskell.

No. 132.

1. Joint Liability of Common Carriers when they Use the same Track.—The Galveston, Harrisburg & San Antonio Railway Company and the Texas & Pacific Railway Company used jointly a track extending from 'Sierra Blanca to El Paso, for running their trains. The two roads employed jointly all employes who performed services on the track between said stations, such as trackmen, laborers, foremen, road masters, station employes, telegraph operators, train dispatchers, and superintendents. But the men running the trains of the respective companies were not so employed. When a personal injury is inflicted on an employe of one of the railways by reason of the negligence of the superintendent of the joint track, and the defective and improper construction of a siding or switch on the joint track, the two railway companies are liable jointly and severally therefor.

2. Duty of Railway Corporations in Furnishing Safe Roadbeds and Appliances to their Employes.—The law does not impose on railways, as a duty to their servants, to have the safest and best roadbed and appliances; but the obligation of the master not to expose the servant, when conducting his business, to perils from which they may be guarded by proper diligence on his part, rests upon them. It is implied in the contract between the parties, that the master shall supply the physical means and agencies for the conduct of his business, and that he shall not be wanting in proper care in selecting and maintaining such means and agencies. He is not held as guaranteeing or warranting their absolute safety or perfection, but he is bound to exercise the care which the exigency reasonably demands in furnishing such as is adequate and suitable, and in keeping and maintaining them in such condition as to be reasonably safe for use.

3. Who are Fellow Servants.—It was the duty of both companies to keep the joint track in proper condition, and the employes of the Texas & Pacific Railway Company were not fellow servants of the Galveston, Harrisburg & San Antonio Railway Company, and hence that doctrine does not apply.

4. Punitory Damages.—It was unnecessary for the court to charge that an issue not before the jury should not be considered.

5. Depositions.—When, upon motion made in open court in the presence of counsel of parties, leave was granted to retake depositions and the order was not excepted to, and commission was again issued and the depositions of the witness in answer to the interrogatories and cross-interrogatories already filed were again taken, an exception that the depositions were taken under a commission without notice is not tenable.

6. Argument of Counsel.—Even though language of counsel in his argument to the jury is improper, unless the record indicates that the jury was influenced by it, this fact will not be ground for reversal.

7. Charge.—See opinion for charge correctly submitting the alleged negligence of each appellant, authorizing a verdict against both appellants, or against either separately.

Appeal from Bexar. Tried below before Hon. W. W. King.

*Upson & Bergstrom,* for appellant the Galveston, Harrisburg & San Antonio Railway Company.

*Bernard & Green,* for appellant Texas & Pacific Railway Company.

*Denman & Franklin,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This appeal is from a judgment of $9000, recovered by appellee against appellants for personal injuries caused by the alleged joint negligence of appellants.

From the evidence contained in the record we have reached the following conclusions of fact:

1. On the 15th day of July, 1889, and for several years continuously prior thereto, the Galveston, Harrisburg & San Antonio Railway Company owned and operated a railway extending from the city of Houston to El Paso, Texas, during which time the Texas & Pacific Railway Company used the part of the track extending from Sierra Blanca to El Paso for running its trains jointly with the Galveston, Harrisburg & San Antonio Railway Company. The two roads employed jointly all employes who performed services only on the track between said stations, such as trackmen, laborers, foremen, road masters, station employes, telegraph operators, train dispatchers, and superintendents; but the men running the trains of the respective companies were not so employed. During the year 1889 R. H. Innes was superintendent at El Paso of both appellants for the road used jointly by them.

2. Malone Siding, which is between Sierra Blanca and El Paso, is on the side of a mountain, and the road there is on a grade of 60 feet to the mile, which slopes toward the west. The grade there would be from 120 to 130 feet to the mile, if it was not for the fact that the track is constructed on a curve. There was then a side track at Malone, which would hold thirty or forty cars thirty-five feet long. The side track is connected with the main track by a split switch, which is one so constructed that a car will run from the side track on to the main track, the weight of the car in motion opening it. A stub or safety switch is one placed on a side track above a split switch, disconnecting one rail, so that all loose cars on the side track would be derailed before reaching the split switch connecting the side track with the main track. There had been a safety switch at Malone Siding, but it was removed, and the split switch put there in lieu of it, by direction of Superintendent Innes, a short time prior to July 15, 1889. Appellee knew that a stub switch had been there, and did not know, at the time of the accident, it had been removed.

3. On the 15th of July, 1889, three cars loaded with crossties were moved by a conductor of the Galveston, Harrisburg & San Antonio Rail-

way, by the order of Superintendent Innes, from Sierra Blanca and placed on the side track at Malone, about seventy-five feet from the east end of it; at the time they were placed there only one brake on them could be used.

4. About 9:10 o'clock p. m. on the 15th of July, 1889, J. S. Cherry, then a locomotive engineer of the Texas & Pacific Railway Company, by orders given him by Superintendent Innes, negligently ran his train on the side track at Malone, and against said three cars thereon, and tried to couple them to his engine, but failed, by reason of which the three cars were pushed off the side track and started west towards Finlay, and collided with a Galveston, Harrisburg & San Antonio train, coming in an opposite direction, ten miles west of Malone. After the cars started off the side track Mr. Cherry attempted to stop them, but owing to the condition of the brakes, the wheel of one being off, the staff of another being so bent that it could not be used, and the ratchet wheel of the other being gone, failed to do so.

5. The appellee was the fireman on the Galveston, Harrisburg & San Antonio train that came in collision with the three loose cars from Malone. At the time of the collision he was in the employ of the Galveston, Harrisburg & San Antonio Railway Company, and his train had left Finlay in obedience to orders, and was running at the rate of about twenty-five miles per hour. He was seriously injured in the wreck caused by the collision, being badly scalded, having his ribs broken, and his hands and arms badly burnt. He was thirty years old at the time of his injuries, was in good health, and able to fully discharge his work as fireman. Since that time he has been unable to perform such work.

6. The injuries received by appellee resulted proximately from the joint and concurrent negligence of appellants.

*Conclusions of Law.*—1. Both appellants filed general exceptions to appellee's petition, which were overruled, and assign as error the action of the court in doing so. The conclusions of fact arrived at by us are substantially alleged by appellee as his cause of action, and we believe they constitute a good one against both appellants. That the liability of both appellants follows from the allegations made against them by the appellee, is so clear to our minds that we deem it wholly unnecessary to discuss the proposition.

2. The Galveston, Harrisburg & San Antonio Railway Company specially excepted to appellee's petition, upon the ground that it shows upon its face a misjoinder of defendants and causes of action. The overruling of this exception is assigned as error, upon the ground " that it appears from the petition that the proximate cause of plaintiff's injury was the negligence alone of the defendant the Texas & Pacific Railway Company, in running one of its trains against the three cars, and thereby causing the

collision which occasioned said injury." We draw a different conclusion from the allegations. In our opinion, they show, as contended by appellee, that the injury received by him resulted proximately from the joint and concurrent negligence of appellants, and as a legal consequence they are liable to him jointly and severally therefor. Markham v. Houston Direct Nav. Co., 73 Texas, 249; Railway v. McWhirter, 77 Texas, 360; Tompkins v. Railway, 18 Am. and Eng. Ry. Cases, 144; Railway v. Peyton, 18 Am. and Eng. Ry. Cases, 1; Railway v. Dorsey, 25 Am. and Eng. Ry. Cases, 445; Railway v. Jones, 75 Texas, 151.

3. In his petition the appellee alleged: "That said track [meaning the side track at Malone] could easily have been so constructed that a car could not have run off same on to said main track in the direction of Finley, without the assistance of some person to set the switch so as to turn same on to said main track. That such result could easily have been obtained by placing in said side track what is known as a stub switch, which is so constructed that it disconnects the track, so that a car will run off on the ground instead of on the main track, unless some person sets said stub switch so as to allow the car to pass by same in its course down the side track on to the main track.

"That at the time of the injuries herein after complained of, said side track was constructed as aforesaid, without any stub switch to prevent loose cars in motion from running off said side track on to said main track as aforesaid, and without any other means or appliances to prevent that result, and had been in that condition for a long time previous thereto.

"That both of said defendants at the time of the injuries herein after complained of had full knowledge of all the facts aforesaid, and had such knowledge long previous thereto.

"That notwithstanding the great and apparent danger of the cars running off said side track onto main track as aforesaid, and colliding with other cars between said Malone Siding and Finley, and the full knowledge thereof on part of each of said defendants, they each negligently failed and refused to place a stub switch or other appliance in said side track on to said main track as aforesaid, and thus colliding with other cars, to the great danger of employes of defendants and passengers on such train of cars, but negligently, willfully, and recklessly, at the time of the injuries herein after complained of, were each running and operating several freight and passenger trains daily over said route and road between said Malone and Finley stations, conveying much valuable property and many passengers thereon, all of which, as well as the employes of each of defendants, were greatly imperilled by the failure of defendants and each of them to provide some means of preventing the escape of cars which were often, in the conduct of the business of said defendants, left standing and loose on said side track, liable to run off of same on to said main

track and down said decline, wrecking and destroying everything it chanced to met in its mad career."

Both appellants specially excepted to the foregoing part of appellee's petition, and moved the court to strike it out; and they now assign the action of the court in overruling their exception as error. It is true that the law does not impose on railroads as a duty to their servants to have the best and safest roadbed and appliances; but the obligation of the master not to expose the servant, when conducting his business, to perils from which they may be guarded by proper diligence on his part, rests upon them. It is implied in the contract between the parties that the master shall supply the physical means and agencies for the conduct of his business, and that he shall not be wanting in proper care in selecting and maintaining such means and agencies. He is not held as guaranteeing or warranting their absolute safety or perfection, but he is bound to exercise the care which the exigency reasonably demands in furnishing such as is adequate and suitable, and in keeping and maintaining them in such condition as to be reasonably safe for use. Snow v. Railway, 8 Allen, 441; 85 Am. Dec., 721.

It seems to us that prudence and a common regard for the life and safety of its employes would indicate to any one that it is the duty of a railway company that has constructed its track on a mountain side, to use such care and caution in the construction of its sidings there as may be reasonably necessary to prevent the escape of loose cars placed upon it, and collisions such as occurred in this case; and that if the greatest care and skill is necessary to prevent such an occurrence, it is the duty of the railway to exercise it. The question as to whether the acts alleged in the part of the petition excepted to were negligence, was one of fact to be determined by the jury, and not one to be decided on demurrer or exceptions. Dulin v. Railway, 28 Am. and Eng. Ry. Cases, 524.

4. Appellee's petition was excepted to upon the ground, that "it showed if plaintiff was injured by negligence, such injury occurred by reason of the negligence of his fellow servants." The action of the court in overruling this exception is also assigned as error. There is nothing in the petition to show that the injury to appellee was caused by the act of a fellow servant. It was the duty of both companies to keep the joint track in proper condition, and the employes of the Texas & Pacific Railway Company were not fellow servants of the Galveston, Harrisburg & San Antonio Railway Company. If the negligence of defendants contributed to the injury, the doctrine of fellow servants does not apply. Hough v. Railway, 100 U. S., 213; Railway v. Williams, 75 Texas, 4; Railway v. McClain, 80 Texas, 97; Elmer v. Locke, 15 Am. and Eng. Ry. Cases, 300; McKinney on Fel. Serv., 34–36, 44–47, 78, 84.

5. Appellee's petition was also excepted to on the ground that it stated no facts authorizing a recovery of punitory damages, and a motion was

made to strike out all of that portion which sought to recover such dam-
ages.   The court sustained the exception, but announced that it would
reserve its right to change its ruling and submit the question of exem-
plary damages to the jury after the evidence in support of it was adduced.
After the evidence had been adduced, and before the argument began,
and after the jury had been temporarily discharged and left the court
room, the court announced to counsel that there was not sufficient evi-
dence to submit to the jury the question of punitory damages, and that
it would adhere to the original rulings.   No announcement or statement
was made to the jury, and no part of the pleading setting up punitory
damages was stricken out, and the pleading as originally read to the jury
was taken by it to the jury room when considering their verdict, but no
reference to punitory damages was made by either party in argument to
the jury.

The appellant Galveston, Harrisburg & San Antonio Railway Company
excepted to the ruling of the court, and assigns its action as error.   It
asserts under the assignments these propositions:   " 1.  The court having
suspended its judgment on the exceptions to the plea of punitory dam-
ages, and there being no evidence warranting the same, the court should
have withdrawn that question from the consideration of the jury, and it
is reversible error not to have done so.   2.  As the verdict does not spe-
cify the character of damages assessed, as to being actual damages only,
or for actual or punitory, it does not appear therefrom what damages the
jury intended to include therein, and it can not be said that the verdict
did not include punitory damages."

It is apparent from the above statement that appellants' demurrer to
the petition, so far as the same claimed punitory damages, was sustained.
Besides, the record shows that it was.   There was no question of punitory
damages before the jury.   The charge of the court limited his recovery
of damages to physical pain, diminished capacity to labor, etc.   It was
unnecessary for the court to charge that an issue not before the jury
should not be considered.   Nor can it be thought for an instant that the
jury so disregarded its oath as to consider the question of punitory dam-
ages and render a verdict upon it, when the question was not submitted
to it.

6.  The Texas & Pacific Railway Company denied that any negligence
on its part contributed to appellee's injury, and alleged, " that if he was
injured by reason of negligence, it was by the negligence of the Galves-
ton, Harrisburg & San Antonio Railway Company in leaving three cars
loaded with ties, with insecure brakes, upon Malone siding, when the
grade ran west at the rate of fifty-two feet to the mile, and in not having
stub switches at each end of said siding, or in not having a stub switch
within said siding so that cars placed thereon might not run out of said
siding before being thrown from said track by such stub switch; and that

judgment should be rendered against the Galveston, Harrisburg & San Antonio Railway, if against any one." It then prayed, that if judgment was rendered against it, for judgment over against its codefendant.

The appellant Galveston, Harrisburg & San Antonio Railway Company also alleged, that "the injury to plaintiff, if any, occurred wholly through the negligence of its codefendant," and prayed judgment over against the Texas & Pacific in the event judgment should be recovered against it.

Each defendant excepted to that part of the answer of the other that sought to recover against it. The exceptions were sustained, and the action of the court by each assigned as error.

If there was error in the court's sustaining the exceptions, or either of them, it was a matter between appellants, and could not affect the rights of the appellee. But we do not think there was any error in it. The allegations in neither answer were sufficient to authorize a recovery by either of defendants against its codefendant.

7. There was no error in the court's overruling appellants' motion to suppress the depositions of the witness J. S. Cherry. It appears from the record, that they were taken while the cause was pending in Medina County, and that appellants moved to suppress them on the ground that it did not appear from the certificate of the officer taking them that the witness had subscribed and sworn to the same. This motion was overruled, but upon motion made in open court, in presence of counsel for both defendants, leave was granted by the court to retake said depositions. This order was not excepted to. Commission was then issued, and the depositions of the witness in answer to the interrogatories and cross-interrogatories already filed were again taken. These were the ones excepted to, the ground of exception being that they were taken under a commission without any notice of the application for the issuance of the same. Appellants had crossed the interrogatories of appellee before the depositions were first taken. If they wished to recross them after leave was granted appellee to retake them, they could have done so. Having failed to do so, or to except to the order of the court granting leave to retake them, they were precluded from objecting to what was done in pursuance of the order.

8. The twentieth interrogatory propounded by appellee to J. S. Cherry was, "If the brakes had been in good condition could the party attempting to stop the cars have stopped the same?" The answer was, "Yes." Said interrogatory was objected to in writing filed before the parties announced ready for trial, by the Galveston, Harrisburg & San Antonio Railway Company, upon the ground that it sought to draw out a mere conclusion of the witness, which was irrelevant and wholly incompetent; and the answer was at the same time and in the same manner objected to for the same reason. The objections were overruled, and the interrogatory and answer read to the jury. Upon this the said appellant bases an assign-

ment of error. It is not well taken. The witness qualified as an expert, and was possessed of special experience, skill, and knowledge, by reason of his particular calling and of the matter of inquiry, which was a matter not open to general observation and experience.

9. The Galveston, Harrisburg & San Antonio Railway Company's eighth assignment of error is: "The court erred in permitting plaintiff to propound to J. S. Cherry the following question, 'State whether or not when you moved on said track there was any switch or other contrivance placed on said track so as to prevent cars from running off from the side track on to the main track, without the assistance of some person setting or throwing the switch so the cars could pass from said side track on to the main track?' and in permitting said witness to answer 'No,' over objections of the defendant that the same was irrelevant and immaterial." We think the answer was in support of a material allegation in appellee's petition, and therefore relevant and material.

10. The ninth assignment of the Galveston, Harrisburg & San Antonio Railway Company is as follows: "This defendant's witness R. H. Innes having testified that he considered the stub switch more dangerous than a split switch, and that in his judgment the split switch was the safer of the two, and the court having refused to permit plaintiff to ask said witness, on cross-examination, 'If he had not, as acting superintendent of construction for the two defendants, taken out the split switch from Malone Siding just after the injury, and replaced the same with a stub switch,' it was error for plaintiff's counsel, in his argument to the jury, to state, 'that if Innes was really stating the truth when he said that he considered the split switch safer than the stub, it was strange that defendants should have objected to plaintiff's counsel showing by Innes that he himself, soon after the accident, had replaced the split switch with a stub switch;' and after this defendant had excepted to said statement as unfair argument, and the evidence had been ruled out by the court, it was also error for plaintiff's counsel thereupon, in his further argument to the jury, to state, 'It was true that the evidence had been excluded from the jury, but that he believed that the evidence would have been proper for the purpose of impeachment of Innes' testimony, but not for the purpose of showing any negligence on the part of defendants in reference to said switch;' because the same was illegitimate and prejudicial to this defendant, and made over its objection."

We do not think the language of counsel referred to in the assignment was, under the circumstances, proper. But as there is nothing in the record that indicates that the jury was in any way influenced by it, we will not reverse the judgment on account of such language. McLane v. Paschal, 74 Texas, 20.

11. As the tenth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, nineteenth, and twentieth assignments of error of the Galves-

ton, Harrisburg & San Antonio Railway Company call in question the correctness of the court's charge, we will copy it in this opinion. It is as follows:

" 1. If you believe from the evidence that plaintiff, Joseph Croskell, was, on the 15th day of July, 1889, in the employ of the defendant Galveston, Harrisburg & San Antonio Railway Company as a locomotive fireman, and that on said day he was on one of said defendant's engines engaged as such fireman, and that whilst said engine was going from Finley Station, at Malone Siding on a railway track operated by both defendants, said engine was run into by three cars loaded with crossties, coming from an opposite direction, and that by said collision plaintiff was injured; and you further believe from the evidence that said collision resulted from the negligence of both defendant Galveston, Harrisburg & San Antonio Railway Company and defendant Texas & Pacific Railway Company, as herein after explained and defined and qualified as to knowledge of plaintiff as to condition of switch, then you will find for plaintiff against both of said defendants.

" 2. If, however, you find that said collision resulted from the negligence of defendant Galveston, Harrisburg & San Antonio Railway Company alone, as herein after explained and defined, then you will find for plaintiff against said defendant only.

" 3. If you find that said collision resulted solely from the negligence of defendant the Texas & Pacific Railway Company or some of its servants or employes, as herein after explained and defined, then you will find for plaintiff against said defendant only.

" 4. If you believe from the evidence that defendant Galveston, Harrisburg & San Antonio Railway Company and defendant Texas & Pacific Railway Company were jointly operating a railway track, and that Malone Siding was a portion of said track on or about the 15th day of July, 1889, and that at said Malone Siding a split switch was used by defendants to connect the side track with the main track, and that said split switch had no stub switch or other appliance to prevent cars running out of the side track on to the main track, and that three flat cars on said siding were put in motion by the servants of the Texas & Pacific Railway Company, and ran on to the main track and collided with the engine plaintiff was on, and he was injured thereby; and if you further believe from the evidence that if a stub switch had been used on said side track instead of said split switch, or in connection therewith, the said cars would not have escaped on to the main track, and said collision would not have occurred; and if you further believe from the evidence that the placing of said split switch in said side track without the stub switch at said point was negligence on the part of both defendants, then you will find a verdict for plaintiff against both defendants, unless you further find from the evidence that the plaintiff knew,

or by the exercise of ordinary care could have known, that said split switch was used on said side track without any stub switch in connection therewith. Ordinary care, as used in this connection, means such care as a reasonably prudent person would under like circumstances have used.

" 5. You are instructed that negligence, within the meaning of this charge, is the failure to use ordinary care.

" If you believe from the evidence that defendant Galveston, Harrisburg & San Antonio Railway Company placed said flat cars on said siding, and that the brakes thereon were defective and in bad order, and that such defect was known to Galveston, Harrisburg & San Antonio Railway Company at the time, or could have been known to it by the use of ordinary care; and if you further believe that the servants of said Texas & Pacific Railway company operating the train entered said side track with said train, and negligently struck said flat cars and put them in motion, and they ran on the main line and collided with plaintiff's train and injured him; and if you further believe from the evidence that the defendant Galveston, Harrisburg & San Antonio Railway Company was guilty of negligence in using said flat cars with such defective brakes, and in allowing them to be placed on said siding with said defective brakes, and that said negligence, combined with the negligent striking of the cars by the employes of the Texas & Pacific Railway Company, caused said cars to be run off the track on to the main track and injured plaintiff, then you will find your verdict for plaintiff against both defendants.

" 6. If you do not believe from the evidence that it was negligence to put in and use the split switch at Malone Siding, without a stub switch in connection therewith, and if you do not believe from the evidence that the defendant Galveston, Harrisburg & San Antonio Railway Company was negligent in allowing said flat cars to be placed on said siding with the brakes in the condition you may believe from the evidence they were in; still if you believe from the evidence that the servants of the Texas & Pacific Railway Company went upon said siding with an engine and train of cars, and negligently ran against and started said flat cars, and caused them to run off the side track on to the main track, where they collided with plaintiff's train and thereby injured him, then you will find for the plaintiff against the defendant Texas & Pacific Railway Company alone.

" 7. If you believe from the evidence that the defendant Galveston, Harrisburg & San Antonio Railway Company was guilty of negligence in permitting said flat cars to be placed on said siding with the brakes in the condition you may find from the evidence they were in at said time; and if you further find from the evidence that neither of defendants was guilty of negligence in reference to said switch and said side track; and if you further find that the servants of said Texas & Pacific Railway Company were not guilty of negligence in starting said flat cars; and if you further

believe from the evidence that the running of said flat cars on to the said main line, and the subsequent collision, resulted from the negligence of said Galveston, Harrisburg & San Antonio Railway Company in permitting said flat cars to be put on said siding with defective brakes, if you find they were defective, then you will find your verdict for plaintiff against defendant Galveston, Harrisburg & San Antonio Railway Company alone.''

We think this charge fully and correctly presents the law applicable to the alleged negligence of each appellant, and correctly informed the jury what acts of negligence would authorize a verdict against both appellants or against either separately.    Markham v. Houston Direct Nav. Co., 73 Texas, 249; Railway v. McWhirter, 77 Texas, 360; Tompkins v. Railway, 18 Am. and Eng. Ry. Cases, 144; Railway v. Peyton, 18 Am. and Eng. Ry. Cases, 1, and note; Railway v. Dorsey, 25 Am. and Eng. Ry. Cases, 446; Railway v. Jones, 75 Texas, 151; Railway v. Shelton, 14 S. W. Rep., 863; Colgrove v. Railway, 20 N. Y., 492; 25 Am. and Eng. Ry. Cases, 457, note; Patt. on Ry. Acc. Law, 413, sec. 357; Cool. on Torts., 127; Railway v. Williams, 75 Texas, 4; Railway v. McClain, 80 Texas, 97; Elmer v. Locke, 15 Am. and Eng. Ry. Cases, 300; Railway v. The State, 10 Am. and Eng. Ry. Cases, 792; Zeigler v. Railway, 23 Am. and Eng. Ry. Cases, 400; McKinney on Fel. Serv., 34–36, 44–47, 78, 84.

12.    A charge was asked by both appellants to the effect, that if the railway between Malone and Finley was owned or jointly used by both defendants under proper rules and regulations, and appellee's injury was caused solely by the negligence of the employes or servants of either of appellants, such employes were fellow servants of appellee, and the jury in that event should find for the appellants.    The refusal of the court to give the charge is assigned as error.    The employes operating the trains of the Galveston, Harrisburg & San Antonio Railway Company were not the fellow servants of those operating the trains of the Texas & Pacific Railway Company.    The principle, that a servant when he engages to serve a master undertakes, as between him and his master, to run the ordinary risks of the service, including the risk of negligence on the part of a fellow servant when acting in the discharge of his duty as a servant of him who is the common master of both, can have no application in this case.    The masters were different.    The placing the three loaded flat cars on the side track was done by the order of the superintendent of the road, and was the act of the master and not of a servant. The setting the cars in motion was the act of the employes of the Texas & Pacific Railway Company, and not of the servants of the Galveston, Harrisburg & San Antonio Railway Company; and these concurrent acts of negligence, coupled with the character of switch maintained at the siding, were the direct and proximate cause of appellee's injury, and the

jury, under an appropriate charge, having found both appellants guilty of negligence in the commission of such acts, they were jointly and severally responsible for the injury resulting directly from them. Railway v. McClain, 80 Texas, 86.

13. The Texas & Pacific Railway Company excepted to that part of appellee's petition which charges that it negligently struck the cars of the Galveston, Harrisburg & San Antonio Railway Company, upon the ground that it does not show how said train negligently struck said cars so placed there. We think the allegation was sufficient. It is not necessary for a party to plead his evidence; it is only necessary to allege the facts which show the liability of the party complained against. This was done by declaring that the act was negligently done. The exception does not point out any defect in the allegations, and is nothing more than a general exception to a specific allegation. Rule 18 of Dist. and Co. Cts.; Railway v. Granger, 85 Texas, 574; Railway v. Smith, 74 Texas, 276; Railway v. Wilson, 79 Texas, 374.

14. The assignments of error of the Texas & Pacific Railway Company complaining of the court's exclusion, at the instance of its codefendant, of certain evidence offered by the appellee, is a matter that appellee is not responsible for, and it should not affect or prejudice him. The testimony did not in any way tend to relieve the Texas & Pacific Railway Company from the acts of negligence charged and established against it. It could not recover against the Galveston, Harrisburg & San Antonio Railway Company, for appellants were joint wrongdoers, and neither entitled to a judgment against the other. Besides, its plea against its codefendant had been stricken out on exception. Cool. on Torts, 144–150.

15. The Texas & Pacific Railway Company asked the following special instruction: "If you believe from the evidence that the track from Sierra Blanca to El Paso was jointly used by both defendants, but that the defendant the Texas & Pacific Railway Company paid the Galveston, Harrisburg & San Antonio Railway Company a part of the expenses of maintaining said track and keeping it in repair, but that the same was owned and controlled by the defendant the Galveston, Harrisburg & San Antonio Railway Company, and that the proximate cause of the damage was the use of the split switch at Malone Siding by said Galveston, Harrisburg & San Antonio Railway Company, and that said switch was not a reasonably safe appliance for the management of said part of said road, and that such was known by the plaintiff, or could have been known by the exercise of ordinary diligence; and you further believe that the defendant the Galveston, Harrisburg & San Antonio Railway Company and the Texas & Pacific Railway Company did not know of the unreasonable danger in using said split switch, and could not by exercise of ordinary diligence know the same, then neither of the defendants is liable, and

you will find for defendants.'' The refusal of the court to give it is assigned as error.

The charge was defective, in that it asked the court to instruct a verdict for appellants if the split switch was the proximate cause of the accident, without explaining that in order to do so the jury must find it was the sole proximate cause. It is also defective in that it informs the jury, that both defendants are entitled to a verdict if the jury believe said defendants did not or could not know by the exercise of ordinary diligence of the unreasonable danger in using the split switch, as both parties put the switch in use at a point where there was a steep grade, and knew how such switch was operated.

The thirteenth, fourteenth, fifteenth, and sixteenth assignments of error complain of the court's refusal to give certain special charges asked by the Texas & Pacific Railway Company. They are all defective, in that each directs a verdict for the Texas & Pacific Railway Company if the accident resulted from the negligence of the Galveston, Harrisburg & San Antonio Railway Company, without any reference to the contribution by or participation in the causes of the accident by the defendant Texas & Pacific Railway Company. We think the general charge of the court governing the phases of the case referred to in the special charges is a correct exposition of the law, and all that was required on the subject.

We think the evidence amply sufficient to sustain the verdict. The evidence, to our minds, clearly shows that the negligence of both appellants proximately contributed to and caused the injury sustained by the appellee. The amount of the damages was a question to be determined by the jury, and from the evidence of his injuries and his dreadful suffering, we can not hold the verdict excessive.

We find no error which requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Delivered January 10, 1894.

Motion for rehearing overruled April 9, 1894.

Writ of error refused.