GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
PORFIRIO CONTRERAS.

Decided February 25, 1903.

**1.—Action for Death—Pleading—Negligence.**

In action of damages for causing death a petition is sufficiently specific as to the negligence charged where it alleges that the deceased, while a passenger on defendant's train, was killed by reason of the derailment of the train, caused by the negligence of the servants in charge thereof.

**2.—Same—Posthumous Child.**

Where a posthumous child sues for damages sustained through negligence causing his father's death, the fact that his mother and the other children have already recovered for the damages they sustained by the death can not defeat plaintiff's right of recovery, but may he shown by the defendant as bearing on the extent of the present recovery.

Appeal from the District Court of Val Verde. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Baker & Lovett* and *Ellis & Love,* for appellant.

*Joseph Jones, Henry I. Moore,* and *H. E. McMains,* for appellee.

JAMES, CHIEF JUSTICE.—This action is brought by appellee to recover damages arising to him from the death of Estevan Contreras, his father, caused by the derailment of defendant's passenger train near Maxon Springs, the petition alleging that Estevan was a passenger on defendant's said train; that at said place defendant's agents and servants in charge of said train so negligently and carelessly managed and controlled the same that the entire train was derailed, wrecked, demolished and fired, and that said Estevan Contreras and many other passengers were imprisoned in the debris without possibility of escape and slowly burned to death, and their bodies consumed by the flames. The following cases hold that the allegations of negligence were sufficiently specific as against even a special demurrer. Railway Co. v. Smith, 74 Texas, 276; Railway Co. v. Wilson, 79 Texas, 371.

Plaintiff was a posthumous child of Estevan Contreras. Defendant, in its answer, among other things, alleged in substance that if such was the status of plaintiff, then that he was one of six children of Estevan, who, together with their mother, are entitled to a proportionate part of the damages, if any, caused by the father's death; and that the mother and five of the children had brought suit against defendant for such damages, and on March 26, 1902, had recovered $2300 on behalf of the mother and $400 on behalf of each of said five children, and that defendant had satisfied said judgment.

The court sustained a special exception to said allegation, the ground of which was that such matter was immaterial, and showed no defense to plaintiff's cause of action. In this we think the court was correct. This action was on behalf of this plaintiff to recover the pecuniary

damage sustained by him in the loss of his father, and what the mother and other children may have done or recovered was immaterial.

Defendant would not have been entitled to prove in this case that a judgment in the other case had awarded the mother and the other children certain sums as the damage appertaining to them, and there certainly was no error in striking out so much of the allegations. But it may be that it was to some extent material to defendant to show in this case the existence of the mother and five other children, who were entitled also to recover pecuniary damages accruing to each from the death of the father, as bearing in some degree on the extent of the present recovery. Such fact would not constitute a defense, but would, at most, be admissible as evidence affecting the amount of plaintiff's pecuniary recovery. Defendant, however, sustained no injury in this respect by the sustaining of the exception, for the evidence before the jury, undisputed, was in accordance with defendant's allegation that plaintiff was one of the six children of Estevan Contreras, all living, who together with the mother constituted his family, upon whom it was shown he spent all his earnings.

The fourth assignment is that the verdict is excessive, which we think is not the case under the evidence.

*Affirmed.*