## RECOVERY FOR INJURIES TO A POSTAL CLERK.

Court of Appeals for Hamilton County.

### THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILROAD COMPANY v. WILLIAM POOL.

Decided, July 17, 1913.

*Jurisdiction—Of the Superior Court of Cincinnati—Degree of Care for Which a Railway Company is Bound to Safely Carry a Postal Clerk.*

1. The Superior Court of Cincinnati has jurisdiction in the case of a postal clerk suing a railway company, whose line enters Cincinnati, for damages for personal injuries, due to his being thrown violently to the floor of the car in which he was at work by the bumping of the car in being switched from one train to another.
2. A railway postal clerk is entitled to the same degree of care from the railway company over whose line he is being transported in the course of his employment as is accorded to ordinary passengers for hire.

*Maxwell & Ramsey,* for plaintiff in error.
*Thos. L. Michie,* for defendant in error.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was for personal injuries suffered by plaintiff while acting in his duty as postal clerk in a mail car that was being transported by defendant company. Plaintiff was engaged in distributing mail, and at the time of the injury the car in which he was working and in which he had been transported from Cincinnati to Columbus, was in the Union Depot at Columbus, and in the course of its regular operation was shifted from one train to another for the purpose of taking it to Dennison, Ohio, where plaintiff would disembark and return thence to Cincinnati. The injury was caused by a severe shock to the car in this shifting operation, which jarred the car in such an extreme way as to throw plaintiff six or eight feet backward upon his back and elbows upon the concrete floor of the car, causing a dislocation of one of the vertebra of the spine and a fracture of a

small piece of bone in the right arm at the elbow, producing injuries more or less serious in their nature.

Plaintiff in error seeks reversal chiefly upon the ground that the Superior Court of Cincinnati in which the case was tried below was without jurisdiction; that the evidence did not sufficiently show that the shock to the car was caused by the defendant company; and that the charge of the court did not sufficiently discriminate as to the duties of the railroad company with reference to a postal clerk as a passenger as contrasted with the same duty towards a regular passenger within defendant's coaches. Plaintiff in error further suggested in argument that the medical treatment had by plaintiff below was in part responsible for his suffering, and his slow and unsatisfactory recovery.

It appears that plaintiff was transported from the city of Cincinnati on the train of the defendant company to Columbus and beyond, and the court is of the opinion that the evidence is sufficient to establish the jurisdiction of the Superior Court of Cincinnati in the case under the terms of Section 1571, General Code. And as the defendant rode in the same car from Cincinnati until after he was injured, and the testimony showed that in the regular course of business this car was shifted by the defendant's employes in making up its train, we think the jury was justified in determining that the defendant company was responsible for the injuries received.

There seems to be no question under the decisions but that a postal clerk, whether performing his duties or while riding on a railroad train to enter upon such duties, is considered a passenger upon the railroad and is entitled to all of the rights and immunities due from a carrier of passengers to an ordinary passenger for hire, and the same degree of care is owing to him as to other passengers, and if he is injured through the negligence of the carrier or its employes it is liable for the damage sustained. In support of this defendant in error has cited numerous authorities in his brief, among which are the following. *Lindsey* v. *Penn. R. R. et al,* 26 App., Cas. (D. C.), 503; *Gulf, etc., R. Co.* v. *Wilson,* 79 Tex., 371; *Southern Pac. R. Co.*

v. *Schuyler*, 135 Fed. Rep., 1015; *Gleeson* v. *Midland R. Co.*, 140 U. S., 435.

The charge of the court fairly set out the duty of a railway company carrying passengers and while it properly did not attempt to differentiate the general duty toward a passenger from its duty toward a particular class of passengers such as mail agents, the jury was instructed to take into consideration all the circumstances and surroundings as they appeared in the evidence and determine whether the defendant has been guilty of negligence to the plaintiff in the particular case.

The question as to the extent of the injury and as to the proper treatment of it by the physicians was all properly submitted to the jury, and upon a complete review of the record we find no error to the prejudice of plaintiff in error.

The judgment will therefore be affirmed.