## METZGER et al. v. GAMBILL.
### No. 10748.

Court of Civil Appeals of Texas. Dallas.
March 21, 1931.

Rehearing Denied April 25, 1931.

Jno. C. Read and W. F. Bane, both of Dallas, for appellants.

Ross M. Scott, of Dallas, for appellee.

JONES, C. J.

This appeal is duly prosecuted by appellants, Carl Metzger and David Metzger. The basis of this appeal is: On December 2, 1929, in a district court of Dallas county, appellee, Vera Gambill, was awarded judgment by default against appellants with writ of inquiry. On the same day the writ of inquiry was perfected, on proof of claim, damages assessed against appellants in the sum of $2,500, and judgment duly entered for said amount. On December 21, 1929, the court entered its order overruling appellants' amended motion for a new trial, and errors are duly assigned thereon. The following is a sufficient statement of the facts:

Appellee filed the petition in this suit on November 4, 1929, and citation was duly issued on the same day, commanding appellants to appear before the trial court "at or before ten o'clock a. m. of the Monday next following the expiration of 25 days from date of citation, being Monday at ten o'clock a.

m. on the 2nd day of December, A. D. 1929, then and there to answer the petition of Vera Gambill, filed in said court on November 4, A. D. 1929." The citation was served on November 6, 1929, and due return made thereon by the officer serving same. At 10 o'clock a. m. on said 2d day of December, 1929, appellant had neither filed answer or made appearance, and the judgment by default was rendered, evidence was heard to perfect the writ of inquiry by proving the amount of appellee's damages, and the judgment entered.

The portion of the petition relevant to this inquiry is: "Plaintiff represents that on or about the 26th day of October, 1929, while driving a car along Marlborough Street in the City and County of Dallas, Texas, on the right side of said street, and in a southerly direction, and at the intersection of Marlborough Street and Twelfth Street, and without fault on her part, one of the defendant's milk trucks negligently, carelessly and recklessly was driven, or caused to be driven into, against and upon the car of the plaintiff herein, striking said car with great force and violence, breaking the frame of said car, the left fender of said car, the glass in the door, and bursting the running board, and seriously and permanently injuring the plaintiff herein; that said truck struck the plaintiff's car with such force and violence as to, and did, hurl her with great force and violence against the side of the car in which she was seated, bruising and lacerating her head, injuring her hip and left side, and seriously and permanently injuring plaintiff otherwise. That by reason of said negligent acts on the part of the defendants, their agents and servants, in recklessly, carelessly and negligently running, or causing said truck to be run, against and upon the car of the plaintiff herein, and seriously and permanently injuring the plaintiff as heretofore alleged, plaintiff has been damaged in the sum of Ten Thousand ($10,000) Dollars. Plaintiff further alleges that said defendants, their agents and servants, in running said truck upon and against the plaintiff's car, as aforesaid, damaged said car, as aforesaid, in the sum of Two Hundred Fifty ($250) Dollars. Plaintiff further alleges that by reason of said negligent acts on the part of the defendants herein, she has been damaged in the sum of Ten Thousand Two Hundred Fifty ($10,250) Dollars, for which said defendants are liable."

In the motion for a new trial, no excuse is alleged for the failure of appellants to file any answer on or before 10 o'clock a. m. December 2, 1929. However, two grounds are urged to show that the court should set aside the judgment by default and grant a new trial in this cause. These grounds are (1) that appellants were entitled to the entire day of December 2, 1929, in which to appear and make answer to appellee's suit, and therefore the judgment by default was prematurely rendered; (2) that the allegations in the petition on which the judgment was rendered are insufficient to state a cause of action, for which reason the petition is subject to a general demurrer and cannot support the judgment by default.

■ Was the judgment by default prematurely rendered? This question must be answered from the provisions of chapter 6, title 42, R. C. S. 1925 (article 2092 et seq.), prescribing the procedure applicable to the district courts of Dallas county. Subdivisions 1 and 5 of article 2092 of said chapter control the issuance of citation, the service thereof, and the time in which a defendant in a suit is required to answer in such courts, and are:

"1. Citations issued for personal service in the county in which the suit is pending shall command the officer to summon the defendant to appear and answer the plaintiff's petition at or before ten o'clock a. m. of the Monday next following the expiration of the twenty-five days from the date of citation and shall be executed and returned by the officer twenty days after the date of issuance.

"5. In each of said cases the citation or notice shall specify the day of the week, the day of the month and the time of day the defendant is required to appear and answer, and if any defendant so served does not appear and answer at or before the time specified in such citation or notice, judgment by default may be rendered against such defendant."

The citation in the instant case complied with the provisions of these statutes, and the return of the officer shows that service of the citation on appellants was had for the day and at the hour named in the citation as the time within which they must answer. Appellants did not appear and answer within the time named in the citation, and thereby became subject to the default judgment, under the mandatory provisions of subdivision 5, which declares that, "if any defendant so served does not appear and answer at or before the time specified in such citation or notice, judgment by default may be rendered against such defendant." This language is too plain to admit of argument as to its construction, and compels the holding that the judgment by default in this case was not premature. The first contention of appellants is overruled.

■ Does the petition state a cause of action? This question must be answered under the same rules that courts have adopted to determine the sufficiency of a petition as against a general demurrer. "Negligence is not the act itself, but the fact which defines the character of the act, and makes it a legal wrong." Stephenson v. Railway Co., 102 Cal.

143, 34 P. 618, 620, 36 P. 407. Negligence is the ultimate fact to be pleaded in stating a cause of action ex delicto, and is not a conclusion. 21 R. C. L. 500. In connection with this announcement of general law, the same authority declares that "it is the general rule that a pleader may allege negligence in an action therefor in general terms; that is to say, the pleading need not show all of the various facts from which the negligence may be deduced. Such a general allegation of negligence is sufficient to repel a demurrer for want of facts; although it may not be good as against a demurrer, on the ground of uncertainty, and although it may not repel a motion to make the pleading on some specific allegation therein more definite and certain in the particular objected to." 21 R. C. L. supra. Under our system of procedure, a special exception, and not a general demurrer, is the remedy for uncertainty in pleading, and likewise, a special exception is the method to follow to make the pleading more specific, rather than to accomplish such purpose by motion.

From these authorities it appears that there must be stated in a petition some act of a defendant to which the term "negligence" may be made to apply. If the petition in the case at bar had alleged only that appellee was negligently injured, then there would be alleged no act of appellants which could be branded as wrongful or negligent. Such, however, is not the petition we are considering. This petition alleges that "one of defendants' milk trucks negligently, carelessly and recklessly was driven, or caused to be driven, into, against, and upon the car of the plaintiff herein, striking said car with great force and violence," etc. The act complained of is the driving of appellants' truck against appellee's car with great force and violence, and this act is alleged to have been negligently done.

Is an allegation that a car is negligently and carelessly driven only a conclusion? We do not think so. We think it states a specific fact. If appellants desired to be informed of the manner in which appellee would attempt to prove the car was driven, they could have filed a special exception to the general allegation, but certainly such pleading would not be subject to a general demurrer. A general demurrer admits that the car was driven recklessly, carelessly, and negligently, and that it struck appellee's car with great violence and inflicted personal injuries upon appellee, and also caused damage to her car.

Is this view of the law contrary to the decisions of this state? We think not. It is in harmony with the decision of the Supreme Court in an opinion written by Chief Justice Stayton, in the case of Gulf, C. & S. F. Ry. Co. v. Smith, 74 Tex. 276, 11 S. W. 1104. In the reported case, plaintiff charged negligence in general terms, in substance alleging only that the car in which plaintiff was riding was derailed through the negligence of the railway company and its servants, and thereby injured plaintiff. The effect of that decision is that an allegation of the negligent derailment of a car was good against an exception and stated a cause of action; likewise in the case of Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Tex. 374, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345, the same doctrine is announced on a similar general allegation of negligence. See, also, Weatherford, M. W. & N. W. Railway Co. v. Granger, 85 Tex. 574, 22 S. W. 959; Galveston, H. & S. A. Ry. Co. v. Croskell, 6 Tex. Civ. App. 160, 25 S. W. 486, 492; Western Union Telegraph Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715.

██ It is urged by appellants that the petition does not show the violation of any duty that rested upon appellants on the occasion in question, and that negligence can only be predicated upon the violation of a duty. The petition does not specifically allege that any duty was owing to appellee by appellants, their agents or servants, nor in the instant case is such allegation necessary to state a cause of action. Under the law of this state, a duty rests upon every driver of an automobile to exercise ordinary care in the operation of his car so as not to endanger the safety of others who may be using such highway. This duty rested on appellants at the time of the collision. Negligence is the failure to exercise ordinary care, and, when appellee alleged that appellants' truck was negligently and recklessly driven, thereby causing it to strike the car of appellee with great force and violence, there is alleged a violation by appellants of the legal duty above described. The law placing the duty upon appellants to observe ordinary care in the operation of their trucks, it was not necessary specifically to allege the existence of such duty.

We have carefully examined appellants' authorities, and we do not think they are contrary to the views presented in this case. For the reasons stated, it is our opinion that judgment of the lower court must be affirmed.

Affirmed.