## GLIDDON *vs.* McKINSTRY.

1. A person who has obtained a judgment in his own name, and promised in writing to pay a specified sum out of its proceeds, when collected, to another, is bound to use due diligence in the collection of it; and if only the sum specified is collected, the promisee has a preference right to it.

2. In declaring (under the Code) against a person for neglecting to use due diligence in the collection of a judgment, out of the proceeds of which, when collected, he had promised in writing to pay a specified amount, it is not necessary to aver in what respect he had failed to use due diligence: an allegation that "he has failed and omitted to do so from mere neglect," is sufficient.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was commenced by summons and complaint under the Code. The complaint contains two counts, which are as follows: "Plaintiff claims of defendant $225, due on an order drawn by John A. Cuthbert on the 27th day of

June, 1846, to-wit: ' Alex. McKinstry, Esq.—Please pay to John Gliddon $225 out of the proceeds of a judgment from the County Court of Mobile, in your favor, against A. C. & A. Hollinger, when collected; this sum to be credited on your acceptance of an order in my favor for money to be collected on said judgment"; which said order was accepted by said McKinstry, payable to John Gliddon; and though money sufficient to satisfy said order has been received by defendant, he has failed to pay said order, and it is still due and unpaid. And plaintiff further claims of defendant $225, for that he, said defendant, did accept a certain order, drawn by John A. Cuthbert on the 27th day of June, 1846, as follows :" (setting it out as before); "which said order, so drawn as aforesaid upon said defendant, he accepted. on the day last aforesaid, to-wit: on the day of the date of said order, and then and there undertook and promised to use due diligence to collect the judgment named, and when so collected to pay the amount of said order to said plaintiff; and plaintiff avers, that by reasonable diligence the defendant could have collected said money upon said judgment, but has failed and omitted to do so from mere neglect, and has failed to pay said plaintiff said sum of money specified in said order, accepted as aforesaid, which still remains unpaid."

The defendant demurred to the declaration, "for a misjoinder, the first count being *ex contractu*, and the second *ex delicto;* and to the second count separately, 1st, because the instrument set out in it does not impose on the defendant the duty of using due diligence to collect, and plaintiff shows no other facts whereby the omission complained of could give him his action"; and, 2d, because the facts pleaded in it do not create a breach of the promise declared on, which authorized the complaint made in the second count." The court overruled the demurrer to the whole declaration, and sustained that to the second count separately; and the defendant then pleaded, that the judgment mentioned in the order was obtained on a note which came to defendant's hands under a deed of trust made by one Thomas A. Carr, subject first to the payment of an unascertained sum due to one C. A. Gilbert, the balance to be applied to the protection of one Drury Thompson, who was an accommodation endorser for said

Carr for $100, and the residue only after discharging these prior rights going to said Carr; that Carr drew an order on defendant, payable from such residue to said Cuthbert, on which right of Cuthbert's the order sued on was drawn; that the whole amount collected on said judgment has not been sufficient to pay said Gilbert and Thompson, and so defendant says he does not owe the plaintiff.

The plaintiff demurred to this plea, but his demurrer was overruled; and having refused to reply, the court rendered judgment in favor of the defendant. The sustaining of the demurrer to the second count in the declaration, is now assigned for error.

E. S. DARGAN, for appellant.

R. H. SMITH, contra.

GOLDTHWAITE, J.—We regard the second count as averring, in substance, that the defendant had obtained a judgment in his own name against certain persons, and agreed in writing to pay a specified amount of this judgment to the plaintiff. If he had agreed, upon a valid consideration, to pay the plaintiff a certain sum out of a note due to himself when collected, the promisor would be required to use reasonable diligence in the collection of the debt, and he would be liable if the fund, out of which the payment was to be made, was lost by his neglect. Diligence, in such case, would be implied as a term of the contract.—Ogden v. Sanders, 12 Wheat. 341; White v. Snell, 9 Pick. 16; Story on Con., §§ 11, 12. The party to whom the debt was owing, and who was invested with its direction and control, would, under such circumstances, be regarded in chancery as the trustee for the beneficial owner, and should be chargeable at law, whenever the form of the transaction will admit the application of a legal remedy, precisely upon the same principles which would hold him responsible in equity. Here the intendment is, that the defendant controlled the judgment in his own favor; and as that was the source from which he promised to make the payment, he was impliedly bound to use due diligence to collect that fund.

It is urged, however, that the count is defective, for the

reason that it does not appear that the plaintiff would be entitled to the amount to be paid out of the judgment, if that amount only was collected. The order here was drawn by Cuthbert, who at its date was entitled to the entire proceeds of the judgment; and it cannot be doubted, that if a party, entitled to the proceeds of a debt in the hands of another, appoints a portion of it to be paid to a third person, that such person has a preference right over the assignor, to the portion assigned him.

It is also insisted, that the count is defective, in not showing in what respect the defendant had failed to use due diligence. The rule requires the acts or omissions which make the liability to be alleged, that the defendant may be enabled to prepare his defence, and the court to see the liability; but it is not always required that the pleader should go into particulars, and set out every constituent of the act or omission. Thus, in an action by the endorsee against the drawer of a bill of exchange, it is not necessary to aver specifically the notice given. The general allegation, that he had notice, is sufficient.—Boot v. Franklin, 3 John. 208. ·Here the want of due diligence is essential; but the allegation of the want of such diligence, in general terms, or, what is tantamount to it, that the defendant failed to collect the judgment from mere neglect on his part, is enough to enable the court to see the liability, and to pronounce judgment, and the party guilty of the omission must be presumed to know the particular facts of which the omission consists.—Elredge v. Long Island R. R. Co., 1 Sand. Sup. Ct. Rep. 89; White v. Snell, *supra*.

It follows from what we have said, that the court below erred in sustaining the demurrer to the second count.

Judgment reversed, and cause remanded.