## NETTIE ROGERS *vs.* WILLIAM H. TRUESDALE.

Submitted on brief by appellant, argued by respondent, April 13, 1894. Affirmed April 20, 1894.

No. 8745.

**"Negligently" in pleading.**

The allegation in a pleading that an act is "negligently" done is an allegation of fact, and is generally sufficient without stating the particular details which go to make up the negligence complained of.

**An allegation of negligence is not a statement of a mere conclusion of law.**

Such general allegation of negligence is not a mere conclusion of law, unless there is a further statement of the acts or omissions claimed to constitute the negligence, from which it affirmatively appears that it puts the court in possession of all the exact details which go to make up the negligence.

Appeal by defendant, William H. Truesdale, Receiver of the Minneapolis and St. Louis Railway Company, from an order of the District Court of Waseca County, *Thomas S. Buckham,* J., made August 19, 1893, overruling his demurrer to the complaint.

The plaintiff, Nettie Rogers, stated in her complaint that on June 28, 1888, the District Court of Hennepin County appointed defendant receiver of the Minneapolis and St. Louis Railway Company and authorized him to operate the road, that he accepted the trust and employed William B. L. Rogers as brakeman on a freight train running between Minneapolis and Albert Lea. That it was defendant's duty to have the cars carefully loaded and to make and enforce reasonable rules relative to loading and inspection of freight cars so that they could be transported with reasonable safety to the servants; that defendant negligently omitted to make or enforce such rules. The complaint further stated that on March 9, 1893, at Montgomery Station defendant negligently permitted a flat car to be so negligently loaded with cordwood that two green slippery elm ties were placed at one end of the car with the slippery side up and uncovered, while the cordwood was piled higher than the ties but not upon them, so that the brakeman in passing along the tops of the cars composing the train while it was in motion was obliged to step down from the wood upon the ties; that the ties were so hewn that the edges remained in their natural state, except that the bark was loose and partly off; that the car thus loaded was negligently placed in the train and taken south to Waseca; that while switching at that place Rogers was required to pass over this car of wood while it was in motion; that in doing so he stepped upon the elm ties then wet with rain and slipped and fell between the cars and was run over and killed; and that plaintiff his widow was on June 10, 1893, appointed administratrix of his estate. She brought this action as such administratrix to recover $5,000 damages for the benefit of herself and his next of kin, pursuant to 1878 G. S. ch. 77, § 2. Defendant demurred to the complaint and specified as ground of objection that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer and defendant appeals.

*A. E. Clarke* and *W. F. Booth,* for appellant.

*S. L. Pierce,* for respondent.

CANTY, J. The complaint in this action alleges that plaintiff's intestate was a brakeman in the employ of defendant on a railroad

which he is operating as receiver; that defendant "negligently permitted a flat car to be negligently loaded" with cordwood, and two green slippery elm ties placed at one end of the car, lower than the cordwood, so that the brakemen in passing along over the cars in the discharge of their duty would be obliged to step down from the cordwood upon these ties; that these ties were so hewed that the edges remained in their natural state, except that the bark was loose and partly off, and that they were slippery, and dangerous to step upon; that this car, so loaded, was being hauled in defendant's train, and said brakeman, plaintiff's intestate, in the course of his employment, stepped down from the cordwood upon these ties, slipped, and fell from the car down between the cars of the moving train, which ran over and killed him.

The defendant demurred to this complaint on the ground that it does not state facts sufficient to constitute a cause of action, and appeals from an order overruling the demurrer.

It is claimed by appellant that the complaint does not show that the car was negligently loaded. The complaint alleges that the car was "negligently loaded." It is well settled that the word "negligently" is an allegation of the fact, and that it is generally sufficient, without stating the particular circumstances or details which go to make up the negligence complained of. The word "negligently" is not a mere conclusion of law, unless all the force is taken out of it by the further statement of the particular acts or omissions which constitute the negligence. But it must affirmatively appear that this further statement is so specific as to put the court in possession of all the exact details which go to make up the negligence.

There is a further statement in this complaint of the acts and omissions which constitute the negligence complained of, but we cannot say that it is thus specific. For instance, it does not affirmatively appear whether the slippery elm ties complained of were placed crosswise or lengthwise of the car, whether they lay in a horizontal position, or whether one end was much lower than the other. Whether this further statement of specific facts in this complaint shows a cause of action it is not necessary to decide. It does not affirmatively show that there is not a cause of action,

and it does not wholly supersede the general allegation of negligence.

We are of the opinion that the order appealed from should be affirmed.   So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 688.)