UNITED STATES EXPRESS CO. v. WAHL.

(Circuit Court of Appeals, Sixth Circuit.    March 17, 1909.)

No. 1,882.

1. TRIAL (§ 143\*)—QUESTIONS FOR JURY—CONFLICT OF EVIDENCE.

The testimony of a plaintiff alone, contradictory of the testimony of witnesses for defendant on a material issue of fact, is sufficient to require the submission of the case to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 342; Dec. Dig. § 143.\*]

2. MASTER AND SERVANT (§ 264\*)—ACTION BY SERVANT FOR INJURY—ISSUES AND VARIANCE.

In an action by a servant for a personal injury, where plaintiff alleged generally that a machine which he was ordered to operate was defective

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and dangerous, which condition caused the injury, the fact that he incidentally specified particular defects does not limit him to proof of such specific defects.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 865; Dec. Dig. § 264.*]

**3. DAMAGES (§ 216*) — PERSONAL INJURIES — FUTURE MENTAL SUFFERING—INSTRUCTIONS.**

In an action by a servant for a personal injury resulting in the loss of an eye, an instruction which permitted the jury, in estimating plaintiff's damages, to consider "humiliation resulting from the disfigurement from the loss of the eye," was not erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 555; Dec. Dig. § 216.*

Mental suffering as element of damages, see note to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 563.]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

The following is the instruction referred to in the opinion:

"Then you should assess the damages which have resulted to the plaintiff from this injury, and those damages should be such as to compensate the plaintiff for the injury he has suffered, which would include the pain and suffering which he has undergone, the humiliation resulting from the disfigurement from the loss of the eye, and effects of that disfigurement in the less ability, if you find such, to earn his living in the future, and, in fact, every element that would enter into, according to your best judgment, actual compensation for the injuries, because, if the defendant is liable, it is liable for actual compensation, and to no more than actual compensation, and no less than that sum."

Howard Lewis, for plaintiff in error.

R. H. Sutphen and Robert Newbegin, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

COCHRAN, District Judge. This action was brought to recover damages for a personal injury. The injury consisted in the loss of the sight of the plaintiff's right eye. It resulted in recovery of judgment for $4,000. The defendant brings the case here as plaintiff in error.

It operated a repair shop in the city of Defiance, Ohio, and it was whilst employed therein as common laborer and mechanic that the plaintiff below received the injury complained of. At the time thereof he was engaged in operating what is called in the evidence a "punch press." It was a machine used for punching holes in sheet metal. It consisted of an upper part, to which was fitted a steel punch, and a lower part, upon which was located a steel die. The die was on a plate upon a table which sat upon the floor. The punch was of such size that it fit exactly into the die, and it was operated vertically. In order to do the work correctly, it was essential that the die be maintained in position under the punch. This was done by means of set screws. The punch had a head, and was passed through a socket, and thereafter the socket was screwed to the upper part of the machine, bringing the head of the punch into contact with the lower end thereof. The punch and die might get out of line through the defective condition

of either the upper or lower part of the machine. On the occasion in question they were out of line, and by reason thereof the punch struck the side of the die, and a sliver was broken off therefrom and entered the plaintiff's right eye, causing the injury complained of. The ground upon which recovery was sought was negligence on the part of the defendant in providing an unsafe machine and in not properly warning and instructing plaintiff as to the danger. It is claimed that the judgment of the lower court should be reversed for four reasons, and we will consider them in the order in which they are presented.

1. It is claimed that the defendant was entitled to the peremptory instruction which was asked at the conclusion of all the evidence. The basis of the contention is that it appeared from the evidence that the plaintiff had such familiarity with the machine in question that he must have known of its condition and appreciated any danger arising therefrom. This, it is maintained, is made out by the affirmative testimony of the witnesses introduced by defendant as to plaintiff's familiarity therewith, and not contradicted by the testimony of plaintiff's witnesses, which, according to defendant in error, was of a purely negative character. The case of Baltimore & Ohio R. R. Company v. Baldwin, 144 Fed. 53, 75 C. C. A. 211, is relied on in support of this position. But, if it be conceded that the testimony of defendant's witnesses was sufficient by itself to make out such familiarity, and that of plaintiff's witnesses, apart from himself, was of purely negative character, still defendant was not entitled to the peremptory instruction. The plaintiff himself testified, and it is not controverted, that, according to his testimony, he did not have such familiarity. The conflict in the evidence due to his testimony alone was sufficient to take the case to the jury. In the Baldwin Case the injured party was dead and did not testify.

2. It is claimed that the lower court allowed the plaintiff to introduce evidence of defects in the machine other than that which, according to plaintiff in error, was specifically alleged in the petition, which evidence was duly objected to, and an exception taken to its admission. The specific defect which it is claimed was alleged was that the punch was loose in its socket and when in use wabbled. The other defects allowed to be proven were that the plate on which the die was placed was cracked, the set screws which kept it in place were worn, and the foundation on which the table rested, to wit, the floor, was in bad condition. In other words, the position was that the petition relied on the fact that the upper part of the machine was defective, and evidence was improperly allowed to be introduced showing that the lower part was also defective.

The petition alleges generally that the machine, at the time of the injury was in a defective and dangerous condition, and it is not contended that by itself this language would not have been sufficient to admit of evidence of any defect in the machine that was the proximate cause of the injury. But it is claimed that the force of the general language was cut down by the allegation of the specific defect stated above to such defect alone. It is said that the rule is that where a general averment of negligence or defect is followed by specific aver-

ments, or vice versa, the plaintiff will be confined to the specific averments. These authorities are cited in support of this position, to wit: Bates, Pleading (2d Ed.) vol. 3, p. 2264; Machine Company v. Stahl (Tex. Civ. App.) 54 S. W. 40; Alban v. Electric Company, 40 Wash. 51, 82 Pac. 145. It is claimed on behalf of defendant in error that the following authorities are contra: Edgerton v. Railway Company, 39 N. Y. 230; King v. Oregon Short Line, 59 L. R. A. 277, note; Rogers v. Truesdale, 57 Minn. 126, 58 N. W. 688; Transit Company v. Walton, 105 Tenn. 415, 58 S. W. 737; Abbott's Trial Evidence (2d Ed.) p. 718.

We do not find it necessary to consider these authorities closely or decide between them, if they really conflict. It is sufficient to say that we agree with the holding in Traver v. Railway Company, 25 Wash. 225, 65 Pac. 284, as follows:

"Where general allegations of negligence are followed by enumeration and averment of specific acts, the plaintiff will not be confined to proof of such specific acts, unless the complaint clearly indicates the intention of the pleader to limit the negligence to such acts."

And we are clearly of the opinion that the plaintiff did not intend to limit himself to the defective condition of the punch in the matter of wabbling. It was not put forward as a claim then made by the pleader. The petition is in bad form, and undertook to state narratively what had taken place immediately preceding the injury and the week previous, when the plaintiff had also handled the punch. It was in this connection that it was alleged that the punch was found on each occasion to wabble, and complaint was made thereof to the superintendent. When the pleader came to state his then claim he made use of the general language referred to. It is in these words:

"The machine, at the time of its operation on January 14, 1907, by the plaintiff, was in a defective and dangerous condition, liable to cause injury to the person operating it, all of which was unknown to the plaintiff, and was well known to the defendant and the said superintendent. By reason of said defective condition of said machine a sliver from the said punch was broken off and without warning struck the plaintiff in the eye, entering the eyeball and totally destroying the sight of plaintiff's right eye. Said injury was the direct result of the defective condition of said machine and the danger of its operation, and was caused by the negligence of defendant in ordering plaintiff to operate the same in its defective condition, in not repairing it, knowing the same to be defective, in not warning plaintiff of the danger connected therewith, and not explaining and instructing plaintiff in the proper operation of said machine. As a result of said negligence plaintiff was injured as aforesaid."

This language, we think, was sufficient to authorize the introduction of the evidence complained of.

3. It is claimed that the damages allowed were excessive. That was a matter for the lower court on the motion for a new trial, and we do not think the damages were excessive.

4. The remaining error alleged was in so much of the charge on the subject of damages as permitted the jury to consider "humiliation resulting from the disfigurement from the loss of the eye." This was duly excepted to. There is a contrariety in the decisions as to whether recovery can be had for such mental suffering arising as the conse-

quence of a personal injury. A leading case holding that no recovery can be had therefor is the case of Southern Railway Company v. Hetzler, 135 Fed. 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288. We think the matter is settled for us by the recent decision of the Supreme Court in the case of McDermott v. Severe, 202 U. S. 600, 610, 26 Sup. Ct. 709, 50 L. Ed. 1162. The injury complained of in that case was the loss, by a boy under seven years of age, of one of his legs below the knee. The trial court had instructed the jury that they might find a verdict "for the mental suffering, past and future, which the jury may find to be the natural and necessary consequence of the loss of his leg." It was held that the instruction was not erroneous. Mr. Justice Day said:

"Furthermore, an objection is taken to the charge as to mental suffering, past and future. It is objected that this instruction permits a recovery for future humiliation and embarrassment of mind and feelings because of the loss of the leg. But we find no objection to the charge as given in this respect. The court said: 'The jury are to consider mental suffering, past and future, found to be the necessary consequence of the loss of his leg.' Where such mental suffering is a direct and necessary consequence of the physical injury, we think the jury may consider it. It is not unlikely that the court might have given more ample instruction in this respect had it been requested so to do. But what was said limited the compensation to the direct consequences of the physical injury."

The judgment of the lower court is affirmed.