# ANTONIO ORTIZ, Plff.,

*v.*

# SOBRINOS DE EZQUIAGA, Dft.

San Juan, Law, No. 1164.

ALLEGATIONS OF NEGLIGENCE.

Pleading—Negligence.

In a complaint alleging negligence on the part of the defendant, the proper rule would seem to be that the act causing the injury should be stated with an allegation that it was negligently done, and, while it is not necessary to allege the manner in which the act was done, it is necessary to allege exactly which act it was that caused the injury.

Opinion filed December 16, 1916.

*Messrs. Francis & Soto* for plaintiff.

*Messrs. F. H. Dexter* and *Perez Almiroty* for defendants.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case alleges that the plaintiff, while acting as employee of the defendants, under order and control of a superior officer employed by said defendants, was seriously and permanently injured by being crushed under a coal chute which fell upon him while working with other employees of defend-

Ortiz v. Ezquiaga.

ants, due to the negligent and the careless manner in which the superior officer directed and superintended the setting up of said coal chute for the purpose of unloading coal from a schooner. The demurrer alleges that this complaint does not state facts sufficient to constitute a cause of action, and is ambiguous, unintelligible, and uncertain in that it fails to set forth in what the alleged negligence consisted.

The demurrer brings up the question of what facts need be alleged in a suit for personal injuries resulting from the negligence of the defendant. At common law, where the injury received was immediate and direct, the action was trespass, and where the injury was mediate and consequential the action must be case. That distinction is perhaps not important in the suit at bar. 29 Cyc. 562. It is, however, necessary to observe the general rules of pleading in cases of negligence. There should be reasonable certainty in stating the essential facts, so that the defendant may know what he is to meet. Facts must be alleged showing three things,—the legal duty involved, its neglect by the defendant, and resulting injury to the plaintiff. 29 Cyc. 565. While the facts may be alleged without showing details, a general allegation of ·duty is a conclusion of law, and therefore insufficient. Facts must be alleged showing the omission of duty. 29 Cyc. 567. Negligence is not the ultimate fact, but some negligent act, omission, or method. A general allegation of negligence is insufficient because stating a conclusion of law, but it is permissible to state that certain facts complained of were negligently performed. Harper v. Norfolk & W. R. Co. 36 Fed. 102, 105.

Some authorities may be cited. A general allegation of negligence on the part of the ship or its officers is not sufficient.

Ortiz v. Ezquiaga.

Negligence is a conclusion of law, and facts showing it must be pleaded. Valdivieso v. Insular Line, 6 Porto Rico Fed. Rep. 484. That an automobile is under the control of the defendant is a conclusion of law, and is demurrable, unless the facts showing such control are stated. Rodriguez v. Nicole, 7 Porto Rico Fed. Rep. 418. It must appear from the facts averred that the negligence caused or contributed to the injury, and it is not sufficient to aver that the injury was caused by reason of negligence, if no fact is stated which shows how the injury was caused. Smith v. Buttner, 90 Cal. 95, 27 Pac. 29. In order to constitute actionable negligence, there must exist three essential elements, viz., a duty or obligation which the defendant is under to protect plaintiff from injury, a failure to discharge that duty, and injury resulting. Not only must the complaint disclose these essentials, but evidence must support them, and the absence of proof of any of them is fatal. Means v. Southern California R. Co. 144 Cal. 473, 478, 77 Pac. 1001, 1 Ann. Cas. 206, 17 Am. Neg. Rep. 1. A complaint in an action to recover damages for negligence must state the act of negligence complained of, and the plaintiff must recover upon the particular act of negligence stated in the complaint. Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960. A general averment that a duty rested upon defendant to do certain things which are alleged to have been omitted is insufficient, unless connected with a statement of facts from which the law raises the duty. Whitten v. Nevada Power, Light, & Water Co. 132 Fed. 782.

It is not necessary, however, to allege all the details making up the alleged negligence. In pleading negligence it is sufficient to allege the negligence in general terms, specifying the

particular act alleged to have been negligently done. Stevenson v. Southern P. Co. 102 Cal. 143, 34 Pac. 618, 36 Pac. 407. In an action for injuries alleged to have resulted from defendant's negligence, it is sufficient for the complaint to charge that the act was negligently done, without stating the particular omission which rendered the act negligent. McGehee v. Schiffman, 4 Cal. App. 50, 87 Pac. 290. In a complaint an averment of the facts constituting the negligence, in general terms, is sufficient, the more specific facts being generally more within the knowledge of the defendant than of the plaintiff, and a demurrer to such a complaint on the ground of uncertainty is properly overruled. Cunningham v. Los Angeles R. Co. 115 Cal. 561, 47 Pac. 452, 1 Am. Neg. Rep. 8. A complaint need not specify the particular acts of diligence which defendant failed to perform, on account of which plaintiff was injured. Gliddon v. McKinstry, 25 Ala. 246; Mobile & M. R. Co. v. Crenshaw, 65 Ala. 566. The allegation of the complaint that an act was negligently done is sufficient without setting out the details of the negligence. Rogers v. Truesdale, 57 Minn. 126, 58 N. W. 688. A complaint, in an action for personal injuries which alleges that defendant "carelessly and negligently ran and propelled one of its cars upon and against the plaintiff, whereupon he was injured," states the negligent act complained of with sufficient definiteness. McCarthy v. New York C. & H. R. R. Co. 24 N. Y. S. R. 924, 6 N. Y. Supp. 560. An allegation in a complaint that one of defendant's trains negligently struck cars on a sidetrack is sufficient, without showing particularly how it negligently struck them. Galveston, H. & S. A. R. Co. v. Croskell, 6 Tex. Civ. App. 160, 25 S. W. 486.

It has been held in Hoffman v. Tuolumne County Water Co.

Ortiz v. Ezquiaga.

10 Cal. 413, that it may be alleged a "reservoir, by reason of some defect in its construction, insufficiency for the purpose for which it was constructed, or carelessness and mismanagement on the part of the said defendants, broke away," without more. This, however, would seem to be an extreme case, and may rest upon its individual facts in that the dam was swept away, and it was impossible to be more definite.

The proper rule would seem to be that the act causing the injury must be stated with an allegation that it was negligently done. While it is not necessary to allege the manner, the quo modo, in which the negligent performance consisted, it is necessary for the purposes of good pleading to allege exactly what act it was that caused the damage. In the case at bar it is impossible to tell whether the plaintiff was injured in the setting up of the chute in question, or in its defective operation afterwards, due to the manner in which it was set up. For this reason it would seem that the complaint is defective.

There may be growing up a system of Federal pleading as to negligence, inasmuch as the subject comes up so frequently, especially in connection with interstate railroads, but at present the local rules may be considered as applying, with the qualifications given above.

It follows that the demurrer must be sustained. It is so ordered.