## BERGMAN v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. August 3, 1926.)

No. 7403.

1. Railroads ⬳350(7)—Evidence of railroad's failure to give crossing signal held insufficient for jury.

Testimony of two witnesses riding in an automobile some distance from a railroad track, with a strong wind blowing from them toward an approaching train, that they did not hear a crossing signal from the train, while trainmen and passengers testified that the signal was given, *held* insufficient to require submission to the jury of the question of the company's negligence in failing to give the signal.

2. Evidence. ⬳586(3, 4)—Negative testimony held not inconsistent with positive testimony to an occurrence.

Where the attention of those testifying to a negative was not attracted to the occurrence which they say they did not see or hear, and where their situation was not such that they probably would have observed it, their testimony is not inconsistent with that of credible witnesses who were in a situation favorable for observation and who testify affirmatively and positively to the occurrence.

3. Railroads ⬳327(1)—Driving over crossing in front of approaching train which driver could have seen or heard is contributory negligence.

One who drives his team or his automobile on a railroad track at a highway crossing, in front of an approaching train, which he could have seen, had he looked, or could have heard, had he listened, is in law chargeable with contributory negligence.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Action at law by Arabella Bergman, special administratrix of the estate of John Bergman, deceased, against the Northern Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Patrick J. Ryan, of St. Paul, Minn., for plaintiff in error.

Frederic D. McCarthy, of St. Paul, Minn. (B. W. Scandrett, of St. Paul, Minn., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and PHILLIPS and KENNAMER, District Judges.

KENNAMER, District Judge. This action was instituted to recover damages for the alleged wrongful death of John Bergman, who was killed on the 21st day of April, 1924, near Moose Lake, Minn. The facts are that the deceased was driving a Ford truck from St. Paul to Duluth with a load of furniture, and was accompanied by an assistant, a Mr. Woodward. The deceased was killed by reason of the defendant's train striking the Ford truck upon a railroad crossing where state highway No. 1 intersects the defendant company's railroad track. Bergman and his assistant were instantly killed and the only eyewitness to the accident was the engineer of the train which

caused the death. The record discloses that at the time of the accident there was a high wind blowing and the snow was falling.

The complaint contained a number of different grounds of negligence, but only one was relied upon at the trial, which was the alleged failure of the engineer to sound the whistle and to ring the bell of the locomotive. Section 10,263, General Statutes of Minnesota 1923, requires the engineer of every locomotive to sound the whistle or ring the bell of the locomotive when approaching a crossing at a point not less than 80 rods from the crossing, and it further requires that the sounding of the whistle or the ringing of the bell continue until the locomotive has cleared the crossing. Upon the conclusion of the introduction of the evidence the defendant filed a motion for a directed verdict upon the ground that no negligence on the part of the defendant company had been shown; that the deceased, the driver of the Ford truck, was guilty of contributory negligence as a matter of law, and that under all of the evidence in the case the plaintiff was not entitled to recover. The motion for a directed verdict was sustained by the trial court upon the ground, as stated by the court, "that there has been no showing sufficient upon which to base a verdict that the whistle was not sounded at the time and place in question."

[1, 2] The only error presented is that the trial court erred in instructing the jury to return a verdict in favor of the defendant. An examination of the record shows that the only evidence presented by the plaintiff to establish the failure of the engineer operating the train to sound the whistle or ring the bell was the testimony of two witnesses, who, on the date of the accident, were driving an automobile in a northerly direction along the highway toward the intersection of the highway and the railroad track, and who had reached the crossing and were coming to a stop on the westerly side just as the train passed. As soon as the train had gone by the witnesses proceeded over the crossing and discovered the wrecked truck and the bodies of Mr. Bergman and Mr. Woodward near the track. The testimony of the two witnesses was to the effect that at the time and place of the accident the weather was stormy, the snow was falling, and the wind was blowing. Witnesses were driving a five-passenger touring car, upon which the storm curtains were attached, except on the left side of the automobile near the driver. The witness who drove the car testified that it was very difficult to see the road by reason of the accumulation of snow on the windshield of his car, and, in order to see any distance in front of the car, it was necessary for him to lean outside the car. It appears that the road upon which the witnesses were traveling ran parallel to the railroad track for some distance before turning into the crossing, and the road was within a few hundred feet of the railroad track. The touring car was being driven at a rate of about 25 miles per hour. Both witnesses testified that they did not at any time hear the whistle or bell of the train, and it appeared that witnesses' hearing was that of normal men. The evidence indicates that the defendant's train would have been some distance south of the touring car driven by the witnesses at the time the engineer was required to sound the whistle for this crossing, and that the wind would have tended to have carried the sound of a whistle or a bell away from the witnesses. The learned trial court, in sustaining the motion for a directed verdict, expressed grave doubt as to whether under the circumstances the witnesses could have heard the whistle or bell if they had been alert for that purpose, and he indicated that, so far as the evidence disclosed, they were entirely indifferent thereto. The defendant railroad company introduced many witnesses, some of whom were members of the train crew, and others passengers on the train, who gave positive evidence that signals were given by the engineer, by sounding the whistle and ringing the bell at the approach of the crossing in question. There seems to be no serious controversy between counsel for the plaintiff and the defendant as to the settled rule that the mere statement of a witness that he did not hear a bell ring is valueless as evidence, unless it further appears that he was able to hear and was in a position and under conditions where he would probably have heard the sound, had it been made, as against the direct and positive evidence of witnesses that the bell did ring or the whistle sounded. It is insisted, however, that, since there was a showing that the witnesses could and probably would have heard a bell or a whistle, had one been rung or sounded, as they were listening to hear such a sound, there is sufficient evidence that no bell was rung or whistle sounded to be submitted to the jury. The case of Cotton v. Willmar & Sioux Falls Ry. Co., 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. Rep. 422, 9 Ann. Cas. 935, was relied upon to sustain this contention. The evidence in the case at bar clearly is distinguishable from the evi-

dence adduced in the Cotton Case, supra, in which the plaintiff, together with a driver, was riding in a buggy, during darkness. The evidence showed that the plaintiff and his driver were looking and listening for the approach of a train at the crossing just prior to their attempted passing over the crossing. .It was held by the Minnesota court that, when it is alleged that the bell on a locomotive was not rung as the train approached a crossing, the evidence of witnesses who were present, conscious, in the possession of their physical senses, and listening for signals, that they did not hear the bell ring has probative value sufficient to take the issue to the jury, although other witnesses testify that the bell did ring. The testimony of the witnesses upon which plaintiff relies is that they did not hear a bell or whistle; one of the two witnesses testifying that he did not remember hearing any. The driver of the touring car stated that the first he knew of the presence of the train was when he came to a stop some 75 or 100 yards from the railway, as he was turning in the direction of the track to cross. Had the whistle or bell been sounded for the crossing, as is required by the Minnesota statute, it would have been at a point some distance south of the witnesses, with the high wind tending to carry the sound away from them. There is nothing in the record tending to show that the witnesses in the touring car were giving any attention to whether or not any signals were given by the train. The applicable rule, well established by the authorities, is that, where the attention of those testifying to a negative was not attracted to the occurrence which they say they did not see or hear, and where their situation was not such that they probably would have observed it, their testimony is not inconsistent with that of credible witnesses who were in a situation favorable for observation, and who testify affirmatively and positively to the occurrence. Chicago, etc., R. Co. v. Andrews, 130 F. 65, 70, 64 C. C. A. 399 (8th C. C. A.); Rich v. Chicago, M. & St. P. R. Co., 149 F. 79, 83, 78 C. C. A. 663 (8th C. C. A.); Hubbard v. Boston & Albany Railroad, 159 Mass. 320, 323, 34 N. E. 459; Baltimore & O. R. Co. v. Baldwin, 144 F. 53, 75 C. C. A. 211.

[3] The ruling of the trial court was clearly correct for the further reason that the deceased was guilty of contributory negligence as a matter of law. Although there is imposed upon railroad companies the duty to sound their whistles or ring their bells as the trains approach the crossings, there is

also a duty that the travelers upon the highways exercise ordinary care for their own safety, by the use of their senses of sight and hearing, to prevent collisions. It is a settled rule that one who drives his team or his automobile upon a railroad track at a highway crossing, in front of an approaching train, which he could have seen, had he looked, or could have heard, had he listened, is in law guilty of contributory negligence. Chicago, M. & St. P. R. Co. v. Bennett, 181 F. 799, 104 C. C. A. 309; Bradley v. Mo. Pac. R. Co. (C. C. A.) 288 F. 484. The evidence in the case indicates that there was nothing to have prevented the deceased from seeing the approaching train, had he exercised ordinary care.

The judgment of the trial court should be affirmed, and it is so ordered.